FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA  94108
TELEPHONE:  (415) 788-5957
FACSIMILE:  (415) 788-5958

Attorney for Plaintiffs
DIANE ELLEN QUINTERO AND
OMAR ALBERTO QUINTERO-CARMONA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DIANE ELLEN QUINTERO AND OMAR ALBERTO QUINTERO-CARMONA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WIGZI, LLC,<br><br>　　　　Defendant.<br>_____/ | No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiffs DIANE ELLEN QUINTERO and OMAR ALBERTO QUINTERO-CARMONA ("Quinteros") file this Complaint for patent infringement against defendant WIGZI, LLC ("Wigzi").

### CLAIM FOR PATENT INFRINGEMENT

### JURISDICTION

1.  Jurisdiction is pursuant to 28 U.S.C. § 1338, allowing original jurisdiction in this court for patent cases.

### VENUE

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391( c) in that defendant Wigzi is subject to personal jurisdiction in this district as defendant transacts and has transacted business here, including activities infringing on Quinteros'

patent as set forth herein.

## INTRADISTRICT ASSIGNMENT

3. Because this case is an Intellectual Property Action, it is not subject to assignment to a particular location or division of the Court under Local Rule 3-2( c).

## NATURE OF THE ACTION

4. This is an action brought against defendant Wigzi for its infringement of the United States Patent No. 6,792,893 ("the '893 Patent"), Claims 1, 10, and 19, inclusive ("Claims"), generally a device and methods for walking two animals simultaneously.

5. On September 21, 2004, United States Patent No. 6,792,893 was duly and legally issued to plaintiffs. A true and correct copy of the patent, as duly assigned, is attached hereto as Exhibit 1 and is incorporated herein by reference. Said patent pertains to a retractable leash as more extensively and precisely described in the attached patent.

## FACTUAL BACKGROUND

**I.  THE ASSERTED '893 PATENT**

6. At all times relevant, Quinteros are and were the owners of the '893 Patent and have and had the rights thereunder. Plaintiffs' patent was well known to defendant at all times relevant hereto.

**II.  WIGZI'S INFRINGEMENT OF THE '893 PATENT**

   **A.  THE WIGZI ACCUSED PRODUCTS**

7. Commencing within the last six years, Wigzi has tested, demonstrated, provided instructions for, provided training for, marketed, made, used, offered to sell, sold, and/or imported into the United States retractable leash devices ("Devices") as taught by the '893 Patent. The model name/numbers of the Wigzi devices include, without limitation, the Dual Doggie retractable leash

   **B.  WIGZI'S DIRECT INFRINGEMENT OF THE '893 PATENT**

8. Commencing within the last six years, Wigzi directly has infringed, and

continues to infringe on one or more of the Claims of the '893 Patent under 35 U.S.C. § 271(a) because it has used, tested, demonstrated, manufactured, imported, promoted, marketed, offered for sale, and/or sold the Wigzi Devices by using one or more of plaintiffs' Claims.  In order to have used, tested, demonstrated, and/or sold the Wigzi Devices, Wigzi had to utilize one or more of plaintiff's Claims of the '893 Patent.  Wigzi could not have implemented its Devices without infringing the Claims of the '893 Patent.

### C. WIGZI'S INDUCED INFRINGEMENT OF THE '893 PATENT

9. Commencing within the last six years, Wigzi is liable for indirect infringement under 35 U.S.C. §271(b) because it has knowingly has induced and continues to induce the direct infringement of one or more of the Claims of the '893 Patent by end-users and other third parties.

10. Commencing within the last six years, end-users and other third parties directly have infringed one or more of the Claims of the '893 Patent by using the Wigzi devices.

11. During said time period, Wigzi knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the Claims of the '893 Patent.  For example, Wigzi provided, sold, or promoted the Wigzi Devices to end-users or other third parties along with specific instructions or training regarding the use of those devices, which instructions or training actively induced said end-users and other third parties to practice the '893 Patent Claims and said instructions or training caused direct infringement of the '893 Patent Claims.

12. During said time period, Wigzi possessed the specific intent to induce infringement of the Claims of the '893 Patent by end-users and other third parties which intent was manifested, inter alia, by its instructions or training for using the Wigzi devices.

13. During said time period, Wigzi had knowledge of the '893 Patent and knowledge that the use of the Wigzi Devices per its instructions and/or training infringed the Claims of the '893 Patent.  In addition, during said time period, Wigzi knew or

COMPLAINT FOR PATENT INFRINGEMENT

should have known that its actions would and did induce infringement of the Claims by end-users and other third party users. Wigzi had actual knowledge of the '893 Patent inter alia due to (1) its active participation and competition in the leash market, (2) Wigzi's leash market research, (3) Wigzi's research and development of the Wigzi Devices, (4) Wigzi's exercise of due diligence pertaining to intellectual property affecting its Devices, and (5) Wigzi's receipt and acknowledgment of receipt correspondence from plaintiffs advising Wigzi of its infringement on plaintiffs' patent.

14.    During said time period, Wigzi knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, and/or importing into the United States the Wigzi Devices constituted infringement of the Claims of the '893 Patent, based on, among other things, the reasons alleged in the foregoing paragraph.

15.    During said time period, Wigzi has knowingly taken active steps to induce end-users and other third parties to engage in direct infringement of the Claims of the '893 Patent and has done so with an affirmative intent to cause such direct infringement and/or with purposeful, culpable expression and conduct to encourage such direct infringement. Wigzi's specific intent to induce infringement is evidenced by, among other things, Wigzi's providing of specific instructions and/or training to end-users and/or other third parties knowing that its acts would induce end-users and other third parties to use its Devices and by so doing to directly infringe the Claims of the '893 Patent.

16.    As a result of Wigzi's infringement of plaintiffs' '893 Patent as set forth above, plaintiffs are entitled to damages in an amount according to proof and because Wigzi's infringement of the '893 Patent was and continues to be wilful and deliberate and without a reasonable basis for believing that its conduct was or is lawful, plaintiffs are entitled to treble damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**WHEREFORE** plaintiffs demand judgment as follows:

1.    That defendant render an accounting for all profits defendant received by

COMPLAINT FOR PATENT INFRINGEMENT

infringing said patent;

2. For damages against defendant sufficient to compensate plaintiff pursuant to 35 U.S.C. § 284, in an amount according to proof.

3. For treble damages;

4. For costs and reasonable attorney fees of the subject litigation and interest as allowable by law; and

5. For such other and further relief as the court may deem just and proper.

DATED:  October 15, 2014

          */s/ Frear Stephen Schmid*
Frear Stephen Schmid, Attorney for Plaintiffs DIANE ELLEN QUINTERO and OMAR ALBERTO QUINTERO-CARMONA

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to Federal Rules of Civil Procedure 38.

DATED:  October 15, 2014

          */s/ Frear Stephen Schmid*
Frear Stephen Schmid, Attorney for Plaintiffs DIANE ELLEN QUINTERO and OMAR ALBERTO QUINTERO-CARMONA